SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------X
CHRISTINE DORIO,

                    PLAINTIFF,

-against-

CITIGROUP GLOBAL MARKETS,
CITIGROUP CORP., TINA ALVES,
and LISA HARRIS,
                    DEFENDANT

------------------------------------------------------X

SUMMONS WITH NOTICE
Index No. 05-01828

Date Purchased: 2/7/05

Plaintiff designates
Westchester County
as the place of trial

Venue is based on
Plaintiff's residence.

Plaintiff's address:
23 Hartsdale Road
Elmsford, New York

To the above named Defendant[s]:

*You are hereby summoned* to serve a notice of appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); or to answer the complaint in this action and to serve a copy of your answer, and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: LARCHMONT, NY
December 30 ~~July~~, 2004

                            WARREN S. GOODMAN, ESQ.
                            Attorney for Plaintiff
                            138 CHATSWORTH AVE.
                            LARCHMONT, NY 10538
                            (914) 833-2930

*The object of this action and the relief sought herein is a money judgment for damages, as set forth in the complaint. In the event of your failure to appear, judgment will be taken against you by default for the sum set forth in the complaint, with interest from 6/6/03, together with interest, disbursements and costs of this action. This lawsuit is based on defendants' discriminatory treatment, hostile workplace, and wrongful termination of the plaintiff during her employment and termination.*

To:  Citigroup Global Markets
     Citigroup Corp. and Tina Alves and Lisa Harris
     450 Mamaroneck Avenue
     Harrison, New York 10528
     and care of NY Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------X
CHRISTINE DORIO,

                Plaintiff,

    -against-

CITIGROUP GLOBAL MARKETS,
CITIGROUP CORP., TINA ALVES, and
LISA HARRIS,

                Defendants.
------------------------------------------------------------X

Index No. 05-01828

VERIFIED COMPLAINT

Plaintiff, by her attorney, Warren S. Goodman, as and for her Verified Complaint, hereby alleges the following:

1. At all times mentioned herein, plaintiff was a resident of the State of New York, County of Westchester.

2. At all times mentioned herein, defendant Citigroup Global Markets was a wholly owned subsidiary of Citigroup.

3. At all times mentioned herein, defendant Citigroup Corp was a domestic Corporation.

4. At all times mentioned herein, defendant Citigroup Global Market was a domestic corporation.

5. At all times mentioned herein, the defendant Citigroup Global Markets and its corporate parent was a domestic corporation.

6. At all times mentioned herein, the Citigroup Global Markets was a foreign corporation.

7. At all times mentioned herein, the Citigroup Global Markets were duly authorized to do business in New York.

1

8. At all times mentioned herein the Citigroup Corp. and Citigroup Global Markets profited from doing business in New York.

9. That plaintiff began work at Citigroup Global Markets and/or Citigroup Corp. on or about September, 1999 as an Assistant Manager in Harrison, New York.

10. That at all times mentioned herein, Plaintiff was an employee of Citigroup Corp.

11. That at all times mentioned herein, Plaintiff of Citigroup Global Markets.

12. Plaintiff was disabled from her employments with defendants from June 28, 2002 until the middle of July 2002, and received short-term disability during that time.

13. At all times mentioned herein the defendant, Tina Alves was an Assistant Vice-President who worked for Citigroup Corp. and/or Citigroup Global Markets.

14. At all times mentioned herein the defendant, Tina Alves lived in the State of New York.

15. At all times mentioned herein the defendant, Tina Alves worked in the State of New York.

16. Defendants, by their employee Tina Alves, acting on behalf of defendants, wrongfully terminated plaintiff's employment on June 6, 2003.

17. At all times mentioned herein the defendant, Lisa Harris worked in the State of New York.

18. At all times mentioned herein the defendant, Lisa Harris was a Vice-President who worked for Citigroup Corp. and/or Citigroup Global Markets.

19. That Lisa Harris acting on behalf of defendants, wrongfully terminated plaintiff's employment on June 6, 2003.

2

20. That Lisa Harris told plaintiff that she had "child issues" which prevented plaintiff from advancing in defendants' employment.

21. That Lisa Harris told plaintiff that plaintiff's benefits, i.e. personal time, did not apply to her, but were applicable to everyone else at the office.

22. That these statements by Lisa Harris indicated the defendants' intent to prevent plaintiff from advancing in defendant's employment.

23. Such termination of plaintiff by defendants was wrongful and not for cause.

24. Plaintiff was improperly terminated, allegedly for cause and without benefits, on June 6, 2003.

25. At all times stated above as to her disability, Plaintiff was disabled in June 2002, to July 2002.

26. That on information and belief, defendants violated plaintiff's rights under the Family Leave Act and the Americans with Disabilities Act.

27. In or about July 2002, when plaintiff returned from her disability leave, defendants demanded that she "make up the time" that she was out of work on disability.

28. Defendant made no reasonable accommodations for plaintiff's disability.

29. At all times stated above, Defendants unreasonably refused to allow plaintiff to bring work home so plaintiff could catch up.

30. That on a result of the above, defendants are liable to plaintiff for damages due to their violation of New York Labor Law 191 (3) and 198-9.

31. Defendant failed to enforce its own employment procedures for retention and supervision of employees.

3

32. As a result of the above, plaintiff sustained damages as lost earnings at $100,000.00 in addition a loss of a profit-sharing plan, back pay, future pay, disability benefits, and health care benefits.

33. Plaintiff also disparately treated by defendants insofar as only the plaintiff was deprived of overtime and was not allowed to bring work home, in contrast with other similarly situated employees.

34. At all times mentioned herein, plaintiff's performance with defendants was always competent and acceptable.

35. At all times mentioned herein, plaintiff's absences from work were always valid and fell within the guidelines of the defendant's business.

36. All of the above constitutes employment discrimination, of plaintiff by defendants, a hostile workplace and wrongful termination.

37. Not withstanding that plaintiff's absences were proper and within defendants' guidelines, plaintiff was punished, disciplined and challenged at times.

38. That this also constituted disparate treatment and a hostile environment.

39. As a result of the above, Defendants treated plaintiff in a disparate, arbitrary and capricious manner, breached its agreement with plaintiff, and breached the warranty of good faith and fair dealing inherent in any contract or agreement.

40. All of the above also constituted violation of the New York's Executive Law sections 292 – 296, *et seq.*

41. In addition, despite being on notice an unemployment insurance for plaintiff, hearing, the defendants nevertheless failed to appear for an Unemployment Insurance Appeal Board hearing on November 3, 2003 at 10:00 a.m. before

** TOTAL PAGE.07 **

Administrative Law Judge Stanley Levine, at 120 Bloomingdale Road, White Plains, New York.

42. That a November 3, 2003 Administrative Law Judge Stanley Levine found in plaintiff's favor at said unemployment insurance hearing on the issues of plaintiff's unemployment benefits on whether or not she was terminated for cause.

43. Plaintiff's benefits were granted when, Administrative Law Judge Stanley Levine determined at the hearing that plaintiff was entitled to her unemployment benefits, and accordingly, she was not terminated for cause.

44. That this finding by the Unemployment Insurance Appeal board is collateral estoppel and therefore binding on defendants for all purposes in this litigation.

45. The above conduct by defendants violated plaintiff's rights thereunder.

**WHEREFORE** as a result of the above, plaintiff has been damaged in the sum of $1,000,000.00 (One Million Dollars), along with costs, interest and disbursements.

DATED:   July , 2004
         Larchmont, New York

Yours, etc.

WARREN S. GOODMAN, ESQ.
Attorney for Plaintiff
138 Chatsworth Ave.
Larchmont, NY 10538
(914) 833-2930

5